UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ADRAIN TAYLOR WAYNE,

    Petitioner,                                                Case No. 18-10237

v.                                                         HON. AVERN COHN

THOMAS WINN,

    Respondent.
_____/

**<u>MEMORANDUM AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING CERTIFICATE OF APPEALABILITY
AND
DENYING PETITIONER'S MOTION TO STAY (Doc. 9)</u>**

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Adrain Taylor Wayne, a state prisoner proceeding <u>pro se</u>, challenges his 2015 jury trial conviction for assault with intent to murder and related firearm offenses. He was sentenced as a fourth-time habitual felony offender to 27-to-52 years' imprisonment. Petitioner claims: (1) insufficient evidence was presented at trial to support his convictions, (2) there was an impermissibly suggestive identification procedure, and (3) he was denied the effective assistance of trial counsel. Respondent contends that the petition should be denied for lack of merit. The Court agrees. Accordingly, the petition will be denied because the state courts reasonably adjudicated Petitioner's claims.

II. Background

The Michigan Court of Appeals summarized the facts at Petitioner's trial as

follows:

> This case arises out of a shooting that occurred in Muskegon. There was evidence that the victim and defendant had an altercation about 40 to 50 days before the shooting, where the victim hit defendant and "knocked him out." The victim testified that he has known defendant since childhood and that they grew up in the same neighborhood. On the day of the shooting, the victim was walking to his grandmother's residence when he saw defendant approach in his white Chevrolet S-10 pickup truck. Defendant stopped, exited his vehicle, and began running toward the victim in a crouched position. The victim thought that defendant wanted to engage in a physical fight in revenge for the earlier incident. The victim headed in defendant's direction prepared to fight, but he then heard a gunshot and started running away from defendant. In his attempt to retreat from defendant, who was now chasing the victim, the victim tried to get behind a telephone pole, tripped on a curb, did a somersault, bounced back up, and kicked at defendant. Around the time of the tumble, defendant heard a second gunshot. While the victim testified that the sound of the gunshots seemed close in proximity to the victim, about two to three feet away, he never actually saw a firearm in defendant's possession. The victim, who feared he had been shot, was not struck by any bullets. According to the victim, after the second shot, defendant went back to his truck and drove away. The victim entered the nearby residence of his uncle, who had heard two "pop[s]." The uncle testified that the victim stated, "I just got shot at."
>
> A neighbor who lived across the street from the scene of the shooting identified defendant as the shooter from a photograph of defendant. The neighbor watched the whole shooting episode transpire while sitting outside on the curb. He testified that defendant, after arriving in a pickup truck and exiting the vehicle, ran behind the victim, held a gun out, pointed it, and "fired two shots," with the victim falling "on the second shot," leaving the neighbor to believe that the victim had been shot. According to the neighbor, defendant returned to his truck after the victim went to the ground. Later the neighbor was specifically asked whether the shots were fired toward the victim, and the neighbor replied, "Yes."

People v. Wayne, 2017 WL 252247, at *1-2 (Mich. Ct. App. Jan. 19, 2017).

Petitioner filed a claim of appeal in the Michigan Court of Appeals, raising the following claims:

2

I. Defendant-Appellant Adrain Taylor Wayne is entitled to entry of a judgment of acquittal on the assault with intent to murder charge, as well as the associated felony firearm.

II. Defendant-Appellant Adrain Raylor Wayne was denied due process and a fair trial by impermissibly suggestive pretrial identification procedures resulting in identification testimony at trial, as well as the use of hearsay at his trial.

III. Defendant-Appellant Adrain Taylor Wayne was denied due process and a fair trial as he was denied effective assistance of counsel.

The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. Id. Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same claims. The Michigan Supreme Court denied leave in a standard order. People v. Wayne, 501 Mich. 861 (2017) (table).

### III. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam), quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003), quoting Williams, 529 U.S. at 413. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011), quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103 (internal quotation omitted).

IV. Discussion

A. Sufficiency of the Evidence

Petitioner's first claim asserts that insufficient evidence was presented at trial to support his conviction. After reciting the applicable constitutional standard and the elements of the offenses, the Michigan Court of Appeals rejected the claim on the merits:

> Here, there was evidence that defendant, who had previously been assaulted by the victim, wielded a firearm, which constitutes a dangerous weapon, and that defendant discharged the gun twice in the direction of

4

> the victim, which is an act that would have a natural tendency to produce death, with defendant fleeing after the victim went down, giving rise to a reasonable inference that defendant thought that he had hit the victim, as was the neighbor's belief. Viewing the direct and circumstantial evidence in a light most favorable to the prosecution, People v. Reese, 491 Mich. 127, 139 (2012); People v. Hardiman, 466 Mich. 417, 428 (2002), taking into consideration all reasonable inferences arising from the evidence, People v. Carines, 460 Mich. 750, 757 (1999), resolving all conflicts in the evidence in favor of the prosecution, People v. Kanaan, 278 Mich. App. 594, 619 (2008), and deferring to the jury's assessment of the weight of the evidence and the credibility of the witnesses, People v. Wolfe, 440 Mich. 508, 514-515 (1992), a rational juror could have found that defendant intended to kill the victim. Accordingly, there was sufficient evidence to support the AWIM conviction, as well as the associated felony-firearm conviction.

Wayne, 2017 WL 252247, at *2.

The court of appeals analysis and conclusion is reasonable. The federal due process clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review - the factfinder at trial and the state court on appellate review - as long as those determinations are reasonable. Brown v. Konteh, 567 F.3d 191, 205 (6th Cir. 2009).

Here, both the victim and the eyewitness gave testimony suggesting that Petitioner chased the victim down the street and tried to shoot him twice with a

handgun. Although there was no direct evidence that Petitioner attempted to kill the victim, when the evidence is viewed most favorably to the prosecution, the circumstances of the shooting allowed the jury to conclude beyond a reasonable doubt that Petitioner intended to kill the victim by pointing a gun at him and firing it twice. "[I]t is the responsibility of the jury - not the court - to decide what conclusions should be drawn from the evidence admitted at trial." Cavazos v. Smith, 565 U.S. 1, 2 (2011) (per curiam). "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003) (citing Marshall v. Lonberger, 459 U.S. 422, 434 (1983)). Petitioner is not entitled to relief on his first claim.

## B. Evidentiary Error

In his second claim, Petitioner contends that identification testimony was erroneously admitted at trial as the result of an unduly suggestive identification procedure. He also says that a hearsay statement made by the victim to his uncle was erroneously admitted at trial. The Michigan Court of Appeals rejected these claims on the merits:

> Next, defendant argues that he was denied due process and a fair trial by the impermissibly suggestive pretrial identification procedure relative to the neighbor's identification of defendant as the shooter, i.e., a single photograph of defendant that was first shown to the victim, which in turn tainted the neighbor's identification of defendant at trial. There is no basis to find plain error affecting defendant's substantial rights with respect to this unpreserved issue. Carines, 460 Mich. at 763-764. At trial, defendant never really disputed that he was at the scene of the crime and that an incident occurred between defendant and the victim. Instead, defendant, as he does on appeal, claimed a lack of evidence showing an intent to kill, highlighting that defendant never saw a gun and arguing that

6

the neighbor was not that close and was distracted by children who were present. Defendant grew up in the victim's neighborhood and the two men were well acquainted; there was no evidence suggesting that defendant may have been elsewhere. Even if the neighbor could not have specifically identified defendant and assuming an impermissibly suggestive identification procedure, the neighbor would not have been prevented from testifying to his observance of a person arriving in a truck and shooting twice at the victim, which evidence, when contemplated in conjunction with the victim's testimony, would have pointed to defendant as the shooter. And the neighbor accurately described defendant's vehicle. The requisite prejudice simply cannot be established. Moreover, considering the neighbor's more-than-adequate opportunity to observe the shooter during the offense and the short period of time between the offense and the photo identification, there was a sufficient independent basis for the neighbor's in-court identification of defendant. People v. Gray, 457 Mich. 107, 115-116 (1998). Reversal is unwarranted.

Next, defendant argues that his rights to due process and a fair trial were violated because the trial court improperly admitted, under the excited utterance exception to hearsay, MRE 803(2), the victim's statement to his uncle that he had "just [been] shot at." The uncle did testify that the victim had calmed down by the time that the statement was made. Nevertheless, assuming error, it was entirely harmless. MCL 769.26; People v. Lukity, 460 Mich. 484, 495 (1999). Between the victim and neighbor's testimony, it was shown that defendant had shot at the victim, and the statement by the victim to his uncle added little and was inconsequential.

Wayne, 2017 WL 252247, at *2-3 (footnote omitted).

Both of these arguments were reasonably rejected by the state courts. With respect to the identification testimony, identification procedures raise due process concerns "only when law enforcement officers use an identification procedure that is both suggestive and unnecessary." Williams v. Bauman, 759 F.3d 630, 638 (6th Cir. 2014) (quoting Perry v. New Hampshire, 565 U.S. 228, 238–39 (2012)). Unnecessary suggestiveness generally depends on whether police conduct directed the witness's attention to a suspect. Howard v. Bouchard, 405 F.3d 459, 469–70 (6th Cir. 2005). If the defendant proves that the identification procedures were impermissibly suggestive,

7

the court "must determine whether, under the totality of the circumstances, the testimony was nevertheless reliable." United States v. Hill, 967 F.2d 226, 230 (6th Cir. 1992). Showing the neighbor a single photograph of Petitioner rather than a photo array was unnecessarily suggestive. Nevertheless, it was reasonable for the state court to find that the eyewitness's testimony was nevertheless reliable. Whether or not the neighbor reliably identified Petitioner, the victim had known Petitioner for his entire life. In view of that dynamic, Petitioner's defense centered on attacking the intent-to-kill element rather than challenging his identification as the perpetrator. The eyewitness's testimony that it was Petitioner who he saw chase the victim was reliable in light of the victim's virtually unchallenged identification testimony.

With respect to the admission of the victim's out-of-court statement to his uncle, there was no violation of the Sixth Amendment's Confrontation Clause because the declarant testified at trial and was subject to unrestricted cross-examination. United States v. Owens, 484 U.S. 554, 560 (1988). With respect to the alleged violation of Michigan's excited-utterance rule, the claim presents an issue of state law which is non-cognizable on federal habeas review. Johnson v. Renico, 314 F. Supp. 2d 700, 706 (E.D. Mich. 2004).

Overall, Petitioner is not entitled to relief on his second claim.

### C. Ineffective Assistance of Counsel

In his final claim, Petitioner contends that his counsel was ineffective for failing to challenge two jurors who stated that they knew the victim's uncle. The Michigan Court of Appeals also rejected this claim on the merits:

> Finally, defendant asserts that he was denied the effective assistance of counsel because his trial counsel failed to remove two venirepersons who were acquainted with the victim's uncle. Defendant concedes that one of those venirepersons was excused by the prosecutor, but the other one was allowed to serve on the jury. That juror, however, specifically stated that she did not know and had never spoken to the victim's uncle. Rather, she simply disclosed that the victim's uncle had a child with a girl that she had gone to high school with years earlier, while expressing that the connection would not affect her role as an impartial juror. On this record, there is no basis to find deficient performance or prejudice. People v. Carbin, 463 Mich. 590, 599-600 (2001); see also Unger, 278 Mich. App. at 258 ("this Court has been disinclined to find ineffective assistance of counsel on the basis of an attorney's failure to challenge a juror").

Wayne, 2017 WL 252247, at *3.

To establish ineffective assistance of counsel, Petitioner must show both that: (1) counsel's performance was deficient, i.e., "that counsel's representation fell below an objective standard of reasonableness"; and (2) the deficient performance resulted in prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The test for prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

This claim was reasonably rejected by the state courts. "In assessing whether a juror was actually biased against a defendant, this court considers the totality of the juror's statements." Holder v. Palmer, 588 F.3d 328, 340 (6th Cir. 2009). With respect

9

to the first prospective juror, Petitioner fails to recognize that she was excused with a peremptory challenge by the prosecutor. See Doc. 8-4, at 100. With respect to the other juror, she indicated that she tangentially knew the victim's uncle because "he … has a child with a girl I went to high school with." Id. at 74. She noted, that "I don't speak to him or know him I just know he has a child with somebody … I went to high school with" and this would not relate to her ability to be a juror. Id. 75. She indicated that she could be fair and impartial to both sides. Id. Petitioner has failed to show that he was prejudiced by counsel's failure to challenge this juror for cause in light of the fact that the juror stated that she could be fair and impartial in deciding Petitioner's case. See Baze v. Parker, 371 F. 3d 310, 318-22 (6th Cir. 2004). In sum, habeas relief is not warranted on his ineffective assistance of counsel claim.

## D. Motion to Stay

Petitioner has filed a motion to stay the case that he can return to the state courts and exhaust additional claims in a state post-conviction review proceeding. (Doc. 9). A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. See Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay and abeyance is available, however, only in "limited circumstances" such as when the one-year statute of limitations poses a concern, when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." Id. at 277.

Petitioner has failed to demonstrate good cause for failing to exhaust his claims before filing the instant petition. Petitioner asserts merely that he discovered his new claims (largely claiming ineffective assistance of trial counsel) after reviewing the state court record after it was filed by Respondent. Petitioner has not, however, explained that his new claims, through the exercise of due diligence, could not have been discovered before filing the instant petition. Hodge v. Haeberlin, 579 F.3d 627, 636-38 (6th Cir. 2009). Petitioner's new claims are all matters of record that could have been raised on direct review in the state courts. Carter v. Mitchell, 829 F.3d 455, 467 (6th Cir. 2016). Accordingly, Petitioner is not entitled to a stay.

## V. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability issues. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted). Here, jurists of reason would not debate the Court's conclusion that Petitioner's claims lack merit.

## VI. Conclusion

Accordingly, for the reasons stated above, the petition for a writ of habeas corpus is DENIED. A certificate of appealability is DENIED. Petitioner's motion to stay is DENIED.

SO ORDERED.

                                                S/Avern Cohn
                                                  AVERN COHN
                                             UNITED STATES DISTRICT JUDGE

Dated: 2/13/2019
      Detroit, Michigan